IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN DINEEN, | ) |
| | ) |
| Movant/Defendant, | ) |
| | ) Crim. No. 08-98-SLR |
| v. | ) Civ. No. 09-951-SLR |
| | ) |
| UNITED STATES of AMERICA, | ) |
| | ) |
| Respondent/Plaintiff. | ) |

**MEMORANDUM OPINION**

---

Steven Dineen. Pro se movant.

Ilana Eisenstein, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Counsel for respondent.

---

August 23, 2012
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Steven Dineen ("movant") is a federal inmate currently confined at the Federal Correctional Institution in Fairton, Pennsylvania. Movant timely filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 20) Respondent filed an answer in opposition (D.I. 32), to which movant filed a response (D.I. 34). For the reasons discussed, the court will deny movant's § 2255 motion without holding an evidentiary hearing.

## II. BACKGROUND

On September 16, 2008, movant entered a plea of guilty to all charges in a three-count indictment charging him with: (1) possession of a firearm by a person prohibited, in violation of 18 U.S.C. § 922(g); (2) possession with intent to distribute five grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On January 5, 2009, the court sentenced movant to sixty months on counts one and two, to be served concurrently, and to sixty months on count three, to be served consecutively. Movant did not appeal his conviction or sentence.

## III. DISCUSSION

Movant timely filed his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting one claim that defense counsel erred in advising him to plead guilty to count three. Movant has properly raised his ineffective assistance of

counsel argument in the instant § 2255 motion rather than on direct appeal,[1] and the court must review the argument pursuant to the two-pronged standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first *Strickland* prong, movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, movant must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. In the context of a guilty plea, a petitioner satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Additionally, in order to sustain an ineffective assistance of counsel claim, movant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

The government was prepared to provide the following evidence if movant's case had proceeded to trial. Police detectives with the Wilmington Police Department set up a successful control buy after being told by a confidential informant that movant was

---

[1] *See United States v. Garth,* 188 F.3d 99, 107 n.11 (3d Cir. 1999); *United States v. Cocivera,* 104 F.3d 566, 570 (3d Cir. 1996).

selling heroin and crack cocaine throughout the city from his blue station wagon. (D.I. 32-3 at 15) The confidential informant purchased an amount of glassine bags from movant using departmental buy money, and the white powdery substance in those bags later field-tested positive for heroin. *Id.* at 16.

Once the controlled buy was finished, the detectives followed movant to his residence in Wilmington. They performed a DELJIS system check on the blue Ford Taurus station wagon driven by movant, and confirmed that the vehicle was registered to movant at the address to which he was followed. The confidential informant also identified a picture of movant on the DELJIS system as the person who sold him the heroin. *Id.*

A few days later, on June 4, 2008, the detectives obtained a search warrant to search movant's residence for drug evidence, drug paraphernalia, and any firearm utilized to protect any drugs. *Id.* The detectives executed the search warrant and found movant in a second floor bedroom. Movant was taken into custody and *Mirandized*, after which he explained to one of the detectives that he had a single bag of crack cocaine in a baseball hat on a shelf along the bed. *Id.* The police found a zip-lock bag containing an off-white chunky substance that later field-tested positive for approximately .4 grams of cocaine base. Hidden inside a small pillow on the same shelf, the police found a knotted plastic bag containing an off-white chunky substance that later field-tested positive for approximately 13 grams of cocaine base. A loaded Colt .45 was found wrapped in a black t-shirt and hidden inside a barbeque grill in the backyard of the residence. *Id.* at 17. Movant told the detectives that the crack cocaine

3

belonged to him and that it was for sale, and that he owned the gun and carried it for protection. Movant explained that he purchased the gun for two grams of crack cocaine and $200. *Id.*

In his sole § 2255 claim, movant contends that counsel erred in advising him to plead guilty to count three because the facts did not establish a "prima facie" case that his possession of the firearm was "in furtherance of" drug trafficking. Specifically, movant asserts that he did not "use" the firearm for the purposes of 18 U.S.C. § 924(c) as set forth in *Bailey v. United States*, 516 U.S. 137 (1995) and *Bousley v. United States*, 523 U.S. 614 (1998), because he "never had a gun on [his] person or in [his] car while [he] made drug sales." (D.I. 34 at 16). Though couched in terms of a failure to prove a "prima facie" case, the court construes movant's argument to be that there was insufficient evidence to support a conclusion that he possessed the gun "in furtherance of" his drug trafficking activity. *See United States v. Sparrow*, 371 F.3d 851, 852 (3d Cir. 2004)("Whether Sparrow's possession of a firearm was in furtherance of his drug trafficking activities, however, is a sufficiency of the evidence question.").

As an initial matter, the court notes that movant's reliance on *Bailey* is misplaced. The Supreme Court decision in *Bailey* involved an earlier version of § 924(c) concerning defendants who, "during and in relation to any crime of violence or drug trafficking [;] . . . use[d] or carrie[d] a firearm." The *Bailey* Court construed the meaning of the term "use" in § 924(c) as requiring more than mere possession of a gun, as well as requiring "active" rather than "passive" employment of a gun. However, in 1998, Congress responded to *Bailey* by amending § 924(c) to cover a defendant who "uses or carries a firearm, or who, **in furtherance of any [crime of violence or drug trafficking**

4

**crime], possesses a firearm**." 18 U.S.C. § 924(c)(2006)(emphasis added). As amended, § 924(c) employs the terms "use" and "possession" to proscribe different types of misconduct. Significantly, in this case, movant pled guilty to "possession" of a firearm under the amended version of § 924(c), not to "using" a firearm under the earlier § 924(c) version construed in *Bailey*. Therefore, counsel did not render constitutionally ineffective assistance for failing to consider an inapplicable argument regarding *Bailey* and movant's "use" of the firearm.[2]

The court also rejects movant's argument that counsel erred in failing to realize there was insufficient evidence to convict movant for possession of a firearm "in furtherance of" his drug trafficking, because movant did not have the gun in his car or on his person while selling drugs.[3] The test for an insufficiency of the evidence claim was articulated by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979). Pursuant to *Jackson*, evidence is sufficient to support a conviction when, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (1979). This inquiry requires examining "the totality of the evidence, both direct and circumstantial, and [] credit[ing] all available inferences in favor of the government." *Sparrow*, 371 F.3d at 852.

---

[2] Nor did counsel err in failing to raise an argument under *Bousley*. The *Bousley* Court held that *Bailey* applies to collateral attacks on pre-*Bailey* guilty pleas. Here, movant entered his guilty plea approximately thirteen years after *Bailey* was decided.

[3] Movant does not challenge his "possession" of the gun; rather, he contends that his possession was not "in furtherance of" drug trafficking.

5

In turn, the "in furtherance of" requirement of the applicable version of § 924(c) is satisfied if the government establishes that the defendant's possession of the firearm furthered, advanced, or helped forward a drug trafficking crime. *See Sparrow*, 371 F.3d at 853. When determining if a defendant's possession of a firearm was "in furtherance of" drug trafficking, a court must consider the following non-exclusive factors:

> [T]he type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Id.* at 853. "[A]lthough the location of a firearm is admittedly relevant, immediate accessibility at the time of the search or arrest is not a legal requirement for a § 924(c) conviction." *Id.* Thus, if a gun is not easily accessible but is strategically located, a court may find that its possession was "in furtherance of" a drug offense. *Id.*

On balance, the aforementioned factors provide a sufficient basis to conclude that movant's possession of the gun on June 4, 2008 was "in furtherance of" his drug trafficking activities. First, movant does not contest the sufficiency of the evidence as to the underlying drug offense charged in count two, nor could he, as he pled guilty to possession with intent to distribute. Second, given his prior felony conviction(s), movant's possession of the gun was illegal. Third, the gun was loaded. Fourth, the gun was strategically placed in the movant's backyard and available for movant to retrieve when necessary. Fifth, crack cocaine and cocaine base were found in two areas of movant's bedroom, which is where the police found movant at the time of his arrest. Sixth, after being *Mirandized*, movant told the police that the crack cocaine and the gun belonged to him, that the crack was for sale, and that he carried the gun for his

6

protection. (D.I. 32-3 at 17); *see United States v. Dean*, 59 F.3d 1479, 1490 (3d Cir. 1995)(noting the Third Circuit's repeated observation that "firearms are the tools of the trade of those involved in illegal drug activity."). And finally, given movant's failure to demonstrate otherwise, the court accepts as true the statement movant made during his plea colloquy that he "possessed drugs and a gun. [] Drugs, guns, furtherance." (D.I. 32-3 at 15); *see Blackledge v. Allison*, 431 U.S. 63, 74 (1977)("[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings."). Viewing all of the evidence and inferences in favor of the government, the court concludes that there was sufficient evidence to support movant's conviction for possession of a firearm "in furtherance" of his drug trafficking. Hence, counsel's advice to plead guilty to count three did not fall below an objective standard of reasonableness.

Additionally, movant has not persuaded the court that he would have proceeded to trial but for counsel's advice regarding count three. By pleading guilty, movant faced a total minimum mandatory sentence of ten years, because counts two and three each carried a minimum mandatory sentence of five years. However, given movant's prior felony drug conviction, the government would have sought an enhanced sentence for count two if movant had opted to proceed to trial.[4] (D.I. 32 at 12-13) This

---

[4]Count two charged movant with violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Pursuant to 21 U.S.C. § 841(b)(1)(B), "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment." Movant had a prior conviction for delivery of cocaine, and the government contends that it would have filed a 21 U.S.C. § 851 information seeking an enhanced penalty under § 841(b)(1)(B) with respect to that prior conviction if movant had proceeded to trial. (D.I. 32 at 12-13)

7

enhancement would have increased movant's sentencing exposure for count two from a five year minimum mandatory sentence to a ten year minimum mandatory sentence which, in turn, would have increased his overall minimum mandatory sentence from ten to fifteen years if convicted of all counts at trial. And, even if acquitted on count three at trial, movant would have faced the enhanced ten year mandatory minimum sentence on count two if convicted, without receiving a credit for acceptance of responsibility. In these circumstances, the court concludes that counsel's advice to enter into the plea was both objectively reasonable and not prejudicial, because movant's exposure to mandatory penalties under the plea agreement was substantially less (five years) than it would have been after conviction at trial.

Accordingly, the court will deny as meritless movant's claim that counsel rendered ineffective assistance by advising movant to plead guilty to count three.

## IV. PENDING MOTIONS

During the pendency of this proceeding, movant filed a motion for leave to supplement his §2255 motion with an expanded argument based on *Bailey* and *Bousley*. (D.I. 36) The court will grant this motion, and notes that it fully considered movant's supplemented argument (D.I. 37) in reviewing the instant proceeding.

Movant also filed a motion for representation of counsel while this case was pending before the court. (D.I. 38) However, having concluded that movant's § 2255 motion lacks merit, the court will deny the motion as moot.

## V. EVIDENTIARY HEARING

Section 2255 requires a district court to hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that

8

the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously explained, the record conclusively demonstrates that movant is not entitled to relief because his argument lacks merit. Therefore, the court will deny movant's § 2255 motion(s) without an evidentiary hearing.

## VI.   CONCLUSION

For the reasons stated, the court will dismiss movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence without an evidentiary hearing. Additionally, the court will not issue a certificate of appealability because movant's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. *See* 28 U.S.C. § 2253(c)(2)("A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; 3d Cir. L.A.R. 22.2 (2011). An appropriate order will follow.